(84 Misc. Rep. 427)

### ROCHE v. NEW YORK EDISON CO.

(Supreme Court, Appellate Term, First Department. March 5, 1914.)

ELECTRICITY (§ 16*)—INJURIES—NEGLIGENCE.

    Defendant maintained an electric light post on a public street through which highly charged electric cables passed, and plaintiff, a boy 4½ years of age, while walking with his mother and a half block ahead of her, picked up a 6-inch nail and inserted it in a hole three-eighths of an inch in diameter in the post, causing it to come in contact with one of the charged cables and injuring him. The hole was necessarily placed at the lower end of the post as an outlet for accumulating gases. The jury found that the insulation upon the cables was defective. *Held*, that the accident was not caused by any negligence of defendant.

    [Ed. Note.—For other cases, see Electricity, Cent. Dig. § 9; Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by William Roche, an infant, by James Roche, his guardian ad litem, against the New York Edison Company. From a judgment for plaintiff, and an order denying defendant's motion for new trial, defendant appeals. Reversed.

Argued February term, 1914, before SEABURY, GUY, and DELANY, JJ.

Beardsley, Hemmens & Taylor, of New York City (Thomas H. Beardsley, of New York City, of counsel), for appellant.

Strouse & Strauss, of New York City (I. T. Flatto, of New York City, of counsel), for respondent.

SEABURY, J. The facts in this case are peculiar, and, as we view them, fail to establish negligence on the part of the defendant. The defendant maintained an electric lighting post at Forty-Third street and Second avenue, through which post passed highly charged electric cables. The plaintiff is a boy 4½ years old, and on the day of the accident was on the street with his mother. The boy was about a half block ahead of his mother. The boy picked up a nail about 6 inches long and, discovering a hole three-eighths of an inch in diameter

in the post, inserted the nail in the hole, and caused the nail to come in contact with one of the charged cables therein, and the boy was instantly burned on the hand and wrist.

The .evidence shows that the hole was necessarily placed at the lower end of the post as an outlet for accumulating gases. There was conflicting evidence as to whether the insulation upon the cables within the post was defective, and, in view of the verdict of the jury for the plaintiff, we must assume that the plaintiff's version upon this aspect of the case is correct.

It does not seem to us that the defendant, in the exercise of reasonable care and prudence, could have guarded against this accident. The hole in the post was very small, and, ordinarily, it would have been impossible for any pedestrian to have come in contact with the· charged cable. The accident, therefore, was not caused by the negligence of the defendant. It was due entirely to the fact that the infant plaintiff, finding a long nail and observing the small hole in the post, inserted the nail in the hole.

The accident not having been due to the fault or the neglect of the defendant, it follows that the recovery in favor of the plaintiff cannot be sustained.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.